1  Larry M. Golub (110545)
   lgolub@bargerwolen.com
2  Michael A. S. Newman (205299)
   newman@bargerwolen.com
3  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
4  Los Angeles, California  90071
   Telephone:  (213) 680-2800
5  Facsimile:  (213) 614-7399

6  Attorneys for Plaintiff
   Metropolitan Life Insurance Company
7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  **METROPOLITAN LIFE**          )  **CASE NO.:  12-CV-04607-SI**
    **INSURANCE COMPANY**,         )  (Honorable Susan Illston)
12                                 )
               Plaintiff,          )  PLAINTIFF METROPOLITAN LIFE
13                                 )  INSURANCE COMPANY'S
       vs.                         )  OPPOSITION TO DEFENDANT'S
14                                 )  MOTION TO DISMISS AND
    **JUMOKE O. OYEDELE**,         )  MOTION TO STRIKE
15                                 )
               Defendant.          )  Date:        TBD
16                                 )  Time:        9:00 a.m.
                                   )  Courtroom:   10 - 19th Floor
17  _____    )

18

19

20

21

22

23

24

25

26

27

28

i:\office7\7197\372\12pleadings\opp2rule12motion_final.doc

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3     **1.     INTRODUCTION**

4         Defendant Jumoke O. Oyedele's ("Defendant") "Motion To Dismiss and

5     Motion to Stike [sic] Every Single Word In The Complaint For Rescission And

6     Declaratory Relief, For Failure To State A Factual Claim, Plaintiff's Claim Is

7     Without Evidence Nor With Any Facts" (the "Motion") is without merit and devoid

8     of substance.  To bring a viable motion under Rule 12(b)(6), Defendant would have

9     needed to show that Plaintiff Metropolitan Life Insurance Company's ("MetLife")

10    allegations, if taken as true, fail to establish a claim upon which relief can be granted.

11    She has not done so.  Instead, she has advanced conclusory arguments and

12    contentions that are difficult to follow, and she has cited to case law that is entirely

13    inapplicable.

14

15        MetLife's Complaint has more than met the burden of pleading that Defendant

16    made deliberate and numerous misrepresentations in her application for insurance (as

17    well as in additional application questions set forth in the paramedical exam and a

18    recorded interview), and that such representations were material.  Consequently,

19    MetLife has satisfied the requirements for establishing its right to seek rescission of

20    the insurance contracts at issue in this case and Defendant's Motion should be

21    denied.[1]

22

23

_____

24    [1] It should be noted that, although Defendant has fashioned her papers ostensibly as
      two motions – i.e., as a "Motion To Dismiss" and as "Motion To Stike [sic] Every

25    Single Word In The Complaint," etc., there is really only one motion in substance – a
      motion to dismiss pursuant to Fed. R. Civ. Proc., Rule 12(b)(6).  Importantly, Rule

26    12(b)(6) is the only federal rule invoked by Defendant, and obviously a motion to
      strike "every single word" in the Complaint is functionally identical to a motion to

27    dismiss the entirety of the Complaint.  However, if this Court deems Defendant's
      papers to constitute two separate motions, MetLife wishes to make it clear that this

28    Opposition opposes both motions.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**12-CV-4607-SI**

## 2.     ALLEGATIONS OF THE COMPLAINT

MetLife's Complaint set forth a detailed factual discussion supporting its claims for rescission and declaratory relief against Defendant.  Specifically, Defendant applied for and was issued two insurance policies, a Disability Income Insurance Policy and a Business Overhead Expense Policy (collectively, the "Policies").  Complaint, ¶ 1.  In applying for such coverage, Defendant made no fewer than *seventeen* misstatements regarding her medical history.  MetLife has pled these misstatements with great specificity, which in summary include:

- 5 misstatements in the application form [Complaint, ¶¶ 12-16];
- 6 misstatements in the paramedical application form [Complaint, ¶¶ 17-22]; and
- 7 misstatements in the recorded interview conducted as part of the application process [Complaint, ¶ 23].

Following issuance of the Policies, MetLife discovered that the representations and statements above were materially false and misleading.  [Complaint, ¶ 26.]  Such representations were material in that, had MetLife known the truth with respect to the false answers provided by Defendant, it would not have issued the Policies. [Complaint, ¶ 26.]

It should also be pointed out that, despite these misrepresentations and the filing of this action, MetLife continues to pay monthly benefits to Defendant, and has reserved its rights to recoup such payments in the event it prevails in this action [Complaint, ¶ 7].

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**12-CV-4607-SI**

**3.    LEGAL ARGUMENT**

    **A.    The Standard Under Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8 pleading standards require only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (internal quotations omitted); Fed. R. Civ. P. 8(a)(2).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996); *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).

    **B.    MetLife Has More Than Sufficiently Pled Facts Showing Its Right To Relief**

In this case, MetLife is claiming that Defendant's deliberate material misstatements in the application for the Policies entitles it to rescission.  The right of an insurer to rescind based on material misstatements in the application is well established under California law.

"[An insurance company] has the unquestioned right to select those whom it will insure and to rely upon him who would be insured for such information as it desires as a basis for its determination to the end that a wise discrimination may be exercised in selecting its risks." *Robinson v. Occidental Life Ins*, 131 Cal. App. 2d 581, 586 (1955).  Thus, "an insurer has a right to know all that the applicant for insurance knows regarding the state of his health and medical history." *Lunardi v. Great-West Life Assurance Co*., 37 Cal. App. 4th 807, 827 (1996).  California Insurance Code section 332 provides that each party to a contract of insurance shall

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

communicate to the other, in good faith, all facts within his knowledge which are, or which he believes to be, material to the contract.  "Neglect to communicate that which a party knows, and ought to communicate, is concealment."  Ins. Code § 330.  Concealment of material information known by the insured entitles the insurer to rescind the insurance contract.  Ins. Code §§ 331, 359; *Mitchell v. United National Ins. Co.,* 127 Cal. App. 4th 457, 468-69 (2005).  "[M]ateriality . . . is a subjective test; the critical question is the effect truthful answers would have had on" the insurer involved in the controversy.  *Imperial Casualty & Indemnity Co. v. Sogomonian*, 198 Cal. App. 3d 169, 181 (1988).  A District Court may declare the rights and other legal relations of parties provided there is an actual case ore controversy.  *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998)

Here, MetLife has more than met its burden of pleading that Defendant made a plethora of misstatements in her application for insurance and that such misstatements were material, since MetLife would not have issued the Policies had it known the truth.  [Complaint, ¶¶ 12-26.]  Thus MetLife has established a cause of action for rescission, and further that an actual controversy exists between MetLife and Defendant such that declaratory relief is appropriate.

C.     **Defendant's Arguments Are Without Merit**

Defendant's arguments are conclusory, cite to irrelevant law, and are largely incoherent.[2]

_____

[2] In Defendant's "Preamble," she suggests that because MetLife's Complaint contains "frivolous minimal legal argument" and only "warrantless, subterfuges and obfuscation," she does not need to supply this Court with a "supporting brief." [Motion, at 2:20-23.]  A simple review of the fact-laden Complaint shows this assertion is completely untrue.  She then advises that "compliance with Local Rule is not required for Rule 12," but that the parties are to confer in advance of filing a motion as to pleading deficiencies.  [Motion, at 3:1-7.]  There is, of course, no assertion that Defendant ever contacted counsel for MetLife prior to filing her Motion.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

12-CV-4607-SI

Defendant's initial argument is the claim that MetLife has not established "facts and evidences demonstrating a prima facie case." [Motion, at 3:16-19.] Of course, MetLife has no obligation to come up with any "evidence" at all, since on a motion to dismiss, MetLife need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, *supra* at 554.[3]

Defendant next lists the "elements" she claims a plaintiff must allege. This list, however, does not purport to recite any legal doctrines or "elements" of anything, but merely sets forth an inflammatory and argumentative list (with no authority presented) presumably devised by Defendant alone. [Motion, at 3:24-4:2.]

Then, Defendant simply asserts, without supporting argument or law, that "the Complaint does not allege any facts demonstrating that the Plaintiff was entitle [sic] to RESCISSION in circumstances giving rise to an inference of RESCISSION THAT THEY SEEK." [Motion, at 4:6-11.] Defendant follows with the assertion that "[t]he Complaint does not state that the Plaintiff provided any authentic facts or evidence in support of this frivolous law suit." [Motion, at 4:12-14.] Of course, while MetLife has alleged a litany of facts in its Complaint to support its straightforward claims for rescission and declaratory relief, MetLife has no obligation to provide "evidence" in its Complaint, and this suit is certainly not frivolous.[4]

_____

[3] The case Defendant cites for her assertion, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993), has no applicability here. The language quoted by Defendant sets forth the burden of an employer ***at trial*** when defending itself from ***a discrimination claim***. That decision has nothing whatsoever to do with the standard for a motion to dismiss.

[4] Defendant at one point includes the incongruous phrase "nor any other facts suggesting that the termination was in any way related to her sex." [Motion, at 4:16-22.] Whether inadvertently lifted from some wrongful termination case or otherwise, this statement has nothing to do with this present case involving rescission of disability insurance policies.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Finally, Defendant purports to list the "elements" a plaintiff must satisfy [Motion, at 5:4-9.], but these largely incoherent recitations appear to be taken from Colorado state law – and both Colorado cases discuss the elements for **_defamation claims_**, not the elements for a rescission claim under California law.  *See Barnett v. Denver Publishing Co*., 36 P. 3d 145, 147 (Colo. App. 2001); *Card v. Blakeslee*, 937 P. 2d 846, 850 (Colo. App. 1996).  Why these two irrelevant decisions are being cited in this motion is a mystery.

In short, it is clear that MetLife has pled far more than necessary to meet the pleading standards under Fed. R. Civ. Proc., Rule 8.  Defendant has not presented a single viable reason why her motion should be granted.  Defendant's motion should therefore be denied.

**4.     CONCLUSION**

Based on the foregoing, MetLife respectfully requests that Defendant's Motion be denied in its entirety.

Dated:  October 16, 2012                          BARGER & WOLEN LLP


By: _____/s/ Larry M. Golub

LARRY M. GOLUB
MICHAEL A.S. NEWMAN
Attorneys for Plaintiff Metropolitan
Life Insurance Company

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-6-

12-CV-4607-SI