UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>          Plaintiff,<br>     v.<br><br>JUMOKE OYEDELE,<br><br>          Defendant. | Case No.  12-cv-04607-JD<br><br>**ORDER DENYING JUMOKE OYEDELE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 75 |
|---|---|

## BACKGROUND

In November 2009, the defendant, Dr. Jumoke Oyedele obtained a disability insurance policy and a business overhead expense policy from plaintiff Metropolitan Life Insurance ("MetLife").  Dkt. 29 ¶ 2.  In 2011, following a rupture of her C2 disc, Dr. Oyedele made a claim for benefits under the policies.  Dkt. 36 ¶¶ 11, 13; Dkt. 81 at 1.  MetLife subsequently filed this action to rescind the policies, claiming that Dr. Oyedele had misrepresented her medical history in applying for the policies.  Dkt. 25 ¶¶ 37-48.  In response, Dr. Oyedele filed counterclaims alleging that MetLife acted in bad faith by, among other things, refusing to pay benefits under the policies, except under a reservation of rights.  Dkt. 36 ¶¶ 21-37.  Dr. Oyedele has now filed a motion seeking summary judgment on both MetLife's claims as well as her own counterclaims.  The Court denies the motion.

## DISCUSSION

**A.     Summary Judgment on MetLife's Claims for Rescission**

On an issue where the nonmoving party will bear the burden of proof at trial, the party seeking summary judgment must demonstrate "that there is an absence of evidence to support the nonmoving party's case."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  To do so, the

moving party must typically make "reasonable efforts, using the normal tools of discovery, to discover whether the nonmoving party has enough evidence to carry its burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1105 (9th Cir. 2000) (citing *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991), for the proposition that "a moving party must 'point to materials on file which demonstrate that a party will not be able to meet that burden.'"). Only if the moving party carries its burden of production will the nonmoving party have to produce evidence to support its claim or defense to defeat the motion. *Id.* at 1102-03. Because Dr. Oyedele has not demonstrated that MetLife, the party with the ultimate burden of proof on the rescission claims, lacks evidence to support each element of its case, summary judgment is inappropriate with respect to MetLife's claims.

To prevail on the rescission claim, MetLife must show that Dr. Oyedele made material and fraudulent misrepresentations in her insurance applications. Under the California Insurance Code, "a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*." *West Coast Life Ins. Co. v. Ward*, 33 Cal. Rptr. 3d 319, 323 (Cal. Ct. App. 2005); Cal. Ins. Code § 331. The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law. *Merced Mut. Fire Ins. Co. v. State*, 284 Cal. Rptr. 680, 684 (Cal. Ct. App. 1991); *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 654-55 (9th Cir. 1984) (applying California law and holding that the fact "[t]hat the insurer puts questions in writing and asks for written answers has itself been deemed proof of materiality").

In addition, any misrepresentation by Dr. Oyedele must be fraudulent in order to result in rescission. Fraud is a necessary element because both policies issued by MetLife to Dr. Oyedele contain incontestability provisions, whose purpose is "to fix a limited time within which the insurer must discover and assert any grounds it might have to justify a rescission of the contract." *New York Life Ins. Co v. Hollender*, 38 Cal. 2d 73, 78 (Cal. 1951). The incontestability provisions in the policies at issue here preclude denial of coverage under the policy for non-fraudulent misstatements made by the insured after two years, subject to certain limitations:

2

> After 2 years from the effective date of this policy, or of any policy change, not including any period during which this policy was suspended during military service or unemployment, no misstatements, *except for fraudulent misstatements*, made by you on the application for this policy, or in the application for any policy change, can be used to void this policy or such policy change, or to deny a claim under this policy for a loss incurred or a disability that begins after the end of such 2-year period.

Dkt. 82, Smith Decl. Ex. A at MetLife_Oye_001709 (personal disability policy, emphasis added); *see also id.* at MetLife_Oye_000491 (similar provision in business overhead expense policy). On the other hand, under this provision, like the "Form A" incontestability provision found in section 10350.2 of the California Insurance Code whose language it largely tracks, "an insurer never relinquishes the right to challenge the validity of the policy because of fraudulent misstatements in the application." *Standard Ins. Co. v. Carls*, No. 99-cv-4010-VRW, 2000 WL 769222, at *3 (N.D. Cal. Jun. 9, 2000). Because the policies were issued in November 2009 -- more than two years before this action was filed -- only a fraudulent misrepresentation by Dr. Oyedele can result in rescission.

Dr. Oyedele has not shown that MetLife's rescission claim lacks evidentiary support. MetLife's brief lists a number of statements in Dr. Oyedele's insurance applications that it claims are both false and fraudulent. Dkt. 81 at 9-10. For example, Dr. Oyedele answered "No" to a question asking whether "[i]n the past 5 years [she had] been medically examined, advised or treated[.]" Dkt. 82, Smith Decl. Ex. A at MetLife_Oye_000325. MetLife argues that this claim was incorrect, pointing to records of medical visits to a Dr. Brody on July 24, 2008, and a Dr. Peter Abaci on August 6, 2008 -- both well under five years from the date of the application. Dkt. 82, Smith Decl. Ex. A, at MetLife_Oye_000002-3; 4-8. The record contains other fact disputes germane to rescission. Whether these disputes add up to rescission will be determined at trial or another proceeding. At this stage, MetLife has proffered enough to deny summary judgment for Dr. Oyedele.

On the issue of whether these alleged misstatements were made fraudulently, California law provides that a "suggestion, as a fact, of that which is not true, by one who does not believe it to be true," made with intent to deceive the other party to a contract, can constitute fraud. Cal. Civ. Code § 1572. Viewing the evidence in the light most favorable to the nonmoving party and

3

drawing all inferences in favor of the nonmoving party, as the Court must on summary judgment, Dr. Oyedele has not demonstrated an absence of evidence that the alleged misstatements MetLife points to were fraudulent. *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Fraud, like any other fact, may be inferred from circumstantial evidence. *Harkins v. Fielder*, 310 P.2d 423, 429 (Cal. Ct. App. 1957). A rational trier of fact could find that Dr. Oyedele's failure to mention medical examinations that occurred less than 18 months before she applied for her policies was evidence of fraud. *T.W. Elec. Service*, 809 F.2d at 631. ("Put another way, if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied.")

Dr. Oyedele may well deny that her answers to the insurance application were fraudulent or even incorrect. But it is not for the Court to weigh the evidence and decide that question on summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The fact that MetLife has adduced evidence for each element of its claims is sufficient to preclude summary judgment at this time.

### B. Summary Judgment on Dr. Oyedele's Bad Faith Claims

Dr. Oyedele alleges that MetLife is acting in bad faith in refusing to pay benefits under the insurance policies (except under a reservation of rights). Dkt. 36 ¶¶ 28, 31. Because Dr. Oyedele bears the burden of proof with respect to her claim of bad faith, she must show that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a).

Under California law, an insurer is liable for breach of the implied covenant of good faith and fair dealing if it acted unreasonably in denying coverage. *Lunsford v. American Guarantee & Liability Ins. Co.,* 18 F.3d 653, 656 (9th Cir. 1994). A court may conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability. *Id.*; *Tomaselli v. Transamerica Ins. Co.*, 31 Cal. Rptr. 2d 433, 440 (1994) ("[t]he mistaken withholding of policy benefits, if reasonable or if based on a legitimate dispute as to the insurer's liability under California law, does not expose the insurer to bad faith liability"). This "genuine dispute" doctrine requires Dr. Oyedele to show that there is no dispute of material

1  fact that MetLife's conclusion that it is not obligated to pay her is not only incorrect, but
2  *unreasonable. See Franceschi v. American Motorists Ins. Co.*, 852 F.2d 1217, 1220-21 (9th Cir.
3  1988) (granting summary judgment in favor of insurer on issue of bad faith, despite finding that it
4  breached the insurance contract).  She has failed to do so.  The parties' motions show that the case
5  is rife with factual disputes over whether MetLife is permitted to rescind its policies.  Without
6  establishing that she is entitled to be paid under the policies, Dr. Oyedele cannot show that
7  MetLife is acting unreasonably in seeking rescission.

## CONCLUSION

Dr. Oyedele's motion for summary judgment is denied.  The Court emphasizes that the denial is based mainly on the existence of fact disputes that cannot be resolved at this motion stage.  Whether and to what extent either party prevails on the merits will be resolved at a subsequent stage.

**IT IS SO ORDERED.**

Dated: September 24, 2014

_____
JAMES DONATO
United States District Judge